Argued June 25, reversed and remanded with
instructions October 1, 1979

JEFFERSON STREET HOLDING CO.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(No. TR 78-7, CA 11485)

600 P2d 928

Alfred A. Hampson, Portland, argued the cause for petitioner. With him on the brief were Hampson & Bayless and Rhidian M. M. Morgan, Portland.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Petitioner seeks review of an order of the Employment Division which dismissed the employer's request for a hearing on the Division's determination of the employer's 1978 unemployment compensation tax rate. The referee found that the matter the employer sought to have heard and considered by its application for a hearing had become final and was barred as a matter of law by the doctrine of administrative *res judicata.*

Prior to February 20, 1977, the Broadway Inn, a restaurant and "topless" bar, was owned and operated by a partnership. The employer, on that date, purchased the leasehold interest of the partnership in the business premises, the business, together with some of their assets and assumed business name. After extensively remodeling the premises, the employer began operations in May, 1977, as a full service restaurant under the assumed business name of "Abernethy's." It did not receive the partnership's inventory of food, beverages, disposable products or supplies. It employs 52 persons, whereas the partnership employed only 10, including the topless go-go dancers.

On September 27, 1977, the Employment Division served the employer with a notice of determination that the employer was subject to the Employment Division Law, ORS Chapter 657, as of May 2, 1977, that it had been determined to be the successor-in-interest to the Broadway Inn and, as successor, it was required under ORS 657.480[1] to assume the employment experience of the former employer, which resulted in the employer being assessed a payroll tax

---

[1] ORS 657.480 provides:

"If the organization, trade or business, including the entire employing enterprise and all its incidents for all purposes of this chapter, of any employer is by purchase or otherwise transferred to an employing unit, whether or not such acquiring employing unit was an employing unit within the meaning of ORS 657.020 prior to such acquisition, the employing unit to which the transfer is made shall

rate of 3.8 percent rather than the 2.7 percent assessed on new businesses. The Division's determination was caused, in part at least, by a clerical error made by the employer's president when he checked the wrong box in filling out the Employment Division's forms. The employer, however, failed to file a timely application for review of the Division's initial determination.

On November 15, 1977, the Division issued its annual notice of the employer's payroll tax rate for the ensuing year. The new rate was 4.0 percent premised upon the 1977 rate of 3.8 percent, which, in turn, was based on the employer's being a successor in interest to the partnership. On November 18, the employer filed a request with the Employment Division for a review and redetermination of its annual tax rate for the year, contending, *inter alia,* that it should be treated as a new employer and not as the successor-in-interest to the Broadway Inn. That letter was also construed by the Division to be an application for a hearing on the 1977 payroll tax rate determination issued in September.

On January 25, 1978, the Division notified the employer that it had reviewed its position on the 1978 payroll tax rate determination and found it to be correct. Thereafter, on January 30, the employer appealed the decision on the 1978 payroll tax rate, stating, *inter alia:*

"I hereby appeal the decision you have made in regard to our Employer's Tax Rate.

---

assume the position of such employer with respect to such employer's experience, payrolls and otherwise the same as if there had been no change in ownership and shall be required to assume and continue the experience of such employer pursuant to ORS 657.430 to 657.487. However, no employing unit to which the organization, trade or business of an employer has been transferred is entitled to a tax rate of less than the rate assigned an employer in accordance with ORS 657.435 unless and until such employing unit, based upon its experience and the experience of the organization, trade or business transferred, has throughout the 12 consecutive months preceding the computation date had its account chargeable with benefits."

"I made an error in marking that we were the successor business to the business that formerly occupied the land at 1239 S.W. Broadway * * *.

"We are an entirely different business and are entitled to a 2.7% rate, not the 3.8% rate the former occupant had. * * *"

On February 24, 1978, the referee issued a final order dismissing the employer's application for a hearing on the September 1977 notice of determination on the grounds that the Division was without jurisdiction to grant the employer a hearing on the merits because of its failure to file the application timely. The employer did not seek judicial review of that order.

Following the hearing on June 28, 1978, relating to the November 1977 determination of the employer's 1978 payroll tax rate, the referee issued a final order dismissing the employer's application for hearing for the reason that all of the evidence offered by the employer related to the Division's prior determination that the employer was the successor-in-interest to the previous employer, which decision was final and not subject to collateral attack due to the doctrine of administrative *res judicata.* The employer filed a petition for review of that order on July 10, 1978, after which the Employment Division withdrew its order for purposes of reconsideration.

On December 19, 1978, the Division entered its revised order which recognized the issue as being whether employer was the successor to Broadway Inn, and further recognized that there had been no determination of that issue after a hearing on the merits because there had been no timely application for administrative review. Nevertheless, it concluded that employer was barred as a matter of law from litigating that question because of the doctrine of administrative *res judicata.* Employer filed an amended petition for review of this order.

[431]

We do not agree with the Division's conclusion that, because of *res judicata,* it is precluded as a matter of law from reexamining its original determination that the employer is the successor-in-interest to the prior employer on the premises. Under ORS 657.676,[2] the assistant director of the Division, or any employee he designates, has the discretion to exercise such authority irrespective of whether a decision is final and no longer appealable. The reconsideration is "restricted to determinations resulting from clerical errors or errors of computation and it may include a new decision based upon any grounds not previously ruled upon or new facts not previously known to the assistant director." It appears that a purpose of this statute is to give the Division discretionary authority to avoid the perpetuation of error which would occur if the Division were precluded as a matter of law from reexamining a determination, even when it is clearly incorrect.

The contentions of the employer, if true, place this case within the scope of ORS 657.676. It appears from the record that the Division's original determination was the result of the employer's clerical error in checking the wrong box on a Division form, and that the issue involved here has never been determined on its merits. While we express no opinion on the merits, we conclude that the Division has discretionary authority to reconsider its determination and that it

---

[2] ORS 657.676 provides:

"(1) Upon his own motion or upon application of an interested employer, the assistant director may reconsider a determination of employer subjectivity, tax rate or tax assessment irrespective of whether it has become final. Such reconsideration shall be restricted to determinations resulting from clerical errors or errors of computation and may include a new decision upon any grounds or issues not previously ruled upon or new facts not previously known to the assistant director.

"(2) Such reconsideration shall be accomplished by the assistant director or any employe he may designate for the purpose, in accordance with rules adopted by the assistant director. A new determination may be made to correct any error with respect to the previous determination. Such new determination shall be subject to hearing, review and appeal in accordance with ORS 657.485 and 657.679 to 657.684."

[432]

erred in concluding that it did not have authority to do so. Accordingly, we reverse and remand in order to give it the opportunity to exercise its discretion in this matter.

Reversed and remanded with instructions.